FILED by _____ D.C.

ELECTRONIC

**Mar 13 2006**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

### CASE NO. 05-21764-CIV-UNGARO-BENAGES/O'SULLIVAN

MIGUEL ROZENBLUM,

      Plaintiff, and similarly situated
Individuals,

      vs.


OCEAN BEACH PROPERTIES, d/b/a
PARISIAN HOTEL APARTMENTS, a
Florida corporation, and JAY COHEN,
an individual,

      Defendants.

_____/

## JOINT PRE-TRIAL STIPULATION

Pursuant to Local Rule 16.1.E. of the Southern District of Florida and the Court's

Order, the parties hereby submit their joint pre-trial stipulation as follows:

**1.      Short Concise Statement of Case**

**Plaintiff:**

Defendants own an operate a small hotel on Miami Beach, Florida. - the Parisian

hotel  Plaintiff worked as a front desk clerk/night auditor for Defendants from January

2002 through January 2005. Plaintiff always worked the midnight shift, 12:00 a.m. to

8:00 a.m., while working for Defendants at the Parisian hotel.  Most rooms were rented

during the day.  Because Plaintiff worked the midnight shift, he usually worked alone,

except on rare occasions. Plaintiff's primary job duty as night auditor was to record the

financial transactions for the day and make the proper entries into the computer.  Plaintiff

**68/WC**

was supervised by Luis Guerrero, who was the manager of all the front desk clerks, during the first year he worked for Defendants and by Jay Cohen during his last two years of employment. Plaintiff was paid a salary, but was required to punch a timecard. Plaintiff often worked more than forty hours per week, but was always paid the same salary. Plaintiff claims that because he worked mostly by himself and performed duties that were mostly of a routine nature, he was not "exempt" from the overtime provisions of the Fair Labor Standards Act (FLSA) and should have been paid overtime.

Defendants claim that Plaintiff was some sort of manager. However, Plaintiff never hired or fired any employee; nor did he supervise any employee. Plaintiff may have occasionally given assignments to the maintenance man, or told one of the maids to prepare a breakfast. However, all the front desk clerks would do the same. Defendants have been sued for overtime violations before and have been investigated by the Department of Labor (DOL) for the failure to pay overtime to front desk clerks.

**Defendants:**   The corporate Defendant is a small hotel on Miami Beach, and is a local, family business. Jay Cohen is the owner of the hotel. The Plaintiff worked for the Defendants as a night manager from approximately March, 2003 until January, 2005. The Plaintiff is an exempt employee, because:  1) pre-August 23, 2004, the Plaintiff is exempt under the sole charge exemption to the FLSA, and exempt on the ground that he was a manager or in the alternative, an administrative employee, and 2) post-August, 2004, exempt under the Department of Labor's primary duty regulation and the administrative exemption. The reason for the delineation between pre- and post-August 23, 2004, is because of a modification by the Department of Labor to its regulations, which took effect on that date.

The Plaintiff's tasks were such that when he worked at the Hotel, he was in charge of the Hotel, and made all of the management decisions, and performed tasks that required the exercise of his discretion.  He supervised two or more people, and also performed administrative tasks.  The Plaintiff's primary duty was management, and he admits to being a manager.

**2.      The basis of federal jurisdiction.**

Jurisdiction of this action is conferred upon the court by section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b).  All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

**3.      The pleadings raising the issues.**

1.      Plaintiff's Complaint.

2.      Defendants' First Amended Answer and Affirmative Defenses.

**4.      A list of all undisposed motions or other matters requiring action by the Court.**

1.      Plaintiff's Motion for Partial Summary Judgment.

2.      Defendants' Motion for Summary Judgment

**5.      <u>Concise statement of Uncontested facts</u>**

The parties do not agree as to any uncontested facts.

**6.      <u>Concise Statement of Issues of Fact that Remain to be Litigated</u>**

If the Defendants' Motion for Summary Judgment is Denied, the Defendants state that the following are issues of fact that remain to be litigated:

**Defendants' Statement:**

1.      Whether Plaintiff was an exempt employee pursuant to the executive exemption, either the sole-charge exception or that he was a manager, or, in the alternative, that his primary duty was management.

2.      Whether Plaintiff was an exempt employee pursuant to the administrative exemption.

3.      Whether Plaintiff worked any overtime hours and, if so, who many.

4.      The amount of overtime that Plaintiff is due, if he is found to have worked overtime and is found to be non-exempt.

5.      If the Defendants are found to have violated the FLSA, whether any such violation was reckless, such that the three-year statute of limitations should apply.

**Plaintiff's statement:**

1.      Whether the Plaintiff worked overtime hours, and if so, how many.

2.      Whether, if the Defendants violated the Fair Labor Standards Act, that violation was willful, namely, in reckless disregard of their duties under the FLSA.

3.      The amount of overtime that Plaintiff is owed, if any.

**7.      <u>Concise Statement of Issues of Law to Which there is Agreement</u>**

1.      Court generally has subject matter jurisdiction over claims brought under the FLSA pursuant to 28 U.S.C. §§ 1337 and 216(b).

2.      This court has subject matter jurisdiction over this action.

**8.      Concise Statement of Issues of Law to be decided**

**Plaintiff's statement:**

1.      Whether Plaintiff is due overtime wages for two years prior to the time of the filing of Plaintiff's Complaint or three years.

2.      Whether Defendants owe Plaintiff any overtime and, if so, what is the amount of such overtime that is due to Plaintiff.

3.      Whether a three-year statue of limitations period should be applied in this matter.

4.      Whether Plaintiff was exempt pursuant to the executive exemption.

5.      Whether Defendants should have properly raised the administrative exemption.

**Defendants' statement:**

1.      All issues raised by Defendants' Rule 50(a) and (b) motions.

2.      Whether Plaintiff is entitled to fees  and/or costs  if he is the prevailing party in this action, and if so, in what amount.

**Plaintiff's Witnesses**

See attached Witness List, Exhibit A hereto.

**List of other possible witnesses:**

See attached.

**Defendants' Witnesses**

See attached Witness List, Exhibit B hereto.

**Plaintiff's Exhibits**

See attached Exhibit List, Exhibit C hereto.

**<u>Defendants' Exhibits</u>**

See attached Exhibit List, Exhibit D hereto.

For Defendants:                          For Plaintiff:


<u>/s Chris Kleppin</u>                       <u>/s Gary A. Costales</u>
Chris Kleppin                            Gary A Costales
Florida Bar No. 0625485                  Florida Bar No. 0948829

                                         Law Office of
Glasser, Boreth, Ceasar & Kleppin        Gary A. Costales, P.A.
8751 W. Broward Blvd., Suite 105         1401 Brickell Avenue, Suite 825
Plantation, Florida 33324                Miami, Florida 33131
(954) 424-1933                           (305) 779-8102
(954) 474-7405 facsimile                 (305) 373-2735 facsimile
glabor@aol.com                           costalesgary@hotmail.com

6

## PLAINTIFF'S WITNESS LIST

| CASE NAME | | DISTRICT COURT |
|---|---|---|
| Miguel Rozenblum adv. Ocean Beach Properties | | Southern District of Florida |

| PLAINTIFFS ATTORNEY | DEFENDANT'S ATTORNEY | DOCKET NUMBER |
|---|---|---|
| Gary Costales, Esq.<br>1401 Brickell Avenue<br>Suite 825<br>Miami, Florida 33131 | Chris Kleppin, Esq.<br>Harry O. Boreth, Esq.<br>Glasser, Boreth, Ceasar &<br>Kleppin<br>8751 W. Broward Blvd.<br>Suite 105<br>Plantation, FL 33324 | Case No. 05-21764-CIV-<br>UNGARO-BENAGES/-<br>O'SULLIVAN |

| PRESIDING JUDGE | COURT REPORTER | COURTROOM DEPUTY |
|---|---|---|
| Honorable Ursula Ungaro-Benages | | |

| PLF. NO. | DEF. NO. | DATE OFFERED | MARKED | ADMITTED | DESCRIPTION OF WITNESSES |
|---|---|---|---|---|---|
| 1 | | | | | Miguel Rozenblum, 300 17th Street, Apt. 106, Miami Beach, F 33139 |
| 2 | | | | | Luis Guerrero, 9 West Broadway, Apt. 608, Boston, Mass. 0212 |
| 3 | | | | | Marie M. Boutillard, 620 or 653 Michigan Avenue, Apt. Miami Beach, FL 33139 |
| 4 | | | | | Gustavo Roo, 455 NE 25th Street, Apt. 402, Miami, FL 33137 |
| 5 | | | | | Marc Chladek, 1555 Penn Avenue, #101, Miami Beach, F 33139 |
| 6 | | | | | Jennifer DeLeon, 7529 Hispanola Avenue, North Bay Villag FL 33141 |
| 7 | | | | | Michael A. Juchnowski, 818 Pennsylvania Avenue, Apt. # Miami Beach, FL 33139 |
| 8 | | | | | Norma Newman, 1510 Collins Avenue, Miami Beach, FL 3313 |
| 9 | | | | | Cyndi Pigneri, 1830 Meridian Avenue, Apt. #11, Miami Beacl FL 33139 |
| 10 | | | | | Angel A. Sierra, 7845 Abbott Avenue, Apt. #3, Miami Beach, F 33139 |
| 11 | | | | | Raquel Toledo, 1510 Collins Avenue, Miami Beach, FL 33139 |
| 12 | | | | | Raquel Alaniz, 610 Jefferson Avenue, #5, Miami Beach, F 33139 |
| 13 | | | | | Juan C. Casas, 1810 Jefferson Avenue, Miami Beach, FL 33139 |
| 14 | | | | | Juan Cerron, 1463 NE 182nd Street, Miami, FL 33162 |
| 15 | | | | | Hamilton S. Davis, 826 SW 3rd Street, #5, Miami, FL 33130 |

**EXHIBIT  A**

| 16 | | | | | Marin D. Gil, 1666 West Avenue, #401, Miami Beach, FL 33139 |
| 17 | | | | | Michael Hill, 1510 Collins Avenue, Miami Beach, FL 33139 |
| 18 | | | | | Franco Point, 1900 Collins Avenue, Miami Beach, FL 33139 |
| 19 | | | | | Paul Robinson, 2121 North Bay Shore Road, #410, Miami, FL 33137 |
| 20 | | | | | Walter Ryce, 1026 Pennsylvania Avenue, #7, Miami Beach, FL 33139 |
| 21 | | | | | Raul Vasquez, 1348 Washington Avenue, #187, Miami Beach, FL 33139 |
| 22 | | | | | Mauricio A. Calonje, 3417 North Meridian Avenue, Miami Beach, FL 33139 |
| 23 | | | | | Shawn Desear, 1510 Collins Avenue, Miami Beach, FL 33139 |
| 24 | | | | | Ernie Earth, 1510 Collins Avenue, Miami Beach, FL 33139 |
| 25 | | | | | Marcio C. Meyer, 915 Lenox Avenue, #202, Miami Beach, FL 33139 |
| 26 | | | | | Ilona Wahbi, 1510 Collins Avenue, Miami Beach, FL 33139 |
| 27 | | | | | Diego Neira-Flor, Department of Labor, 10300 SW 72nd Street, Miami, FL |
| 28 | | | | | Records Custodian, Department of Labor, 10300 SW 72nd Street, Miami, FL |
| 29 | | | | | All of Defendants' Witnesses |
| 30 | | | | | All impeachment or rebuttal witnesses |

**EXHIBIT  A**

MIGUEL ROZENBLUM adv. OCEAN BEACH PROPERTIES, ET AL.
CASE NO. 05-21764-CIV-UNGARO-BENAGES/O'SULLIVAN

## DEFENDANTS' WITNESS LIST

1.  Jay Cohen
    c/o undersigned counsel

2.  Miguel Rozenblum
    c/o Plaintiff's counsel

3.  Pablo Herold
    1520 Collins Avenue
    Miami Beach, Florida 33319

4.  Custodian of Records
    Winterhaven Hotel
    14th Street, Ocean Drive
    Miami Beach, Florida

5.  Raul Vasquez
    1348 Washington Avenue
    Miami Beach, Florida 33139

6.  Maria Cornejo
    7601 Bryron Avenue
    Apt. #2A
    Miami Beach, Florida 33141

7.  Eric Golan (Accountant)
    c/o undersigned counsel

8.  Mauricio Tanenbaum
    Riviere Apart Hotel
    1424 Collins Avenue
    Miami Beach, Florida 33139

9.  Oscar Falcon
    El Viajante
    1676 Collins Avenue
    Miami Beach, Florida

**EXHIBIT B**

10.      Luis Guererro
             9 West Broadway
             Apt #608
             Boston, MA 02127

11.      Marie M. Boutellard
             620 or 653 Michigan Avenue
             Apt #8
             Miami Beach, Florida 33139

12.      Rebuttal and Impeachment witnesses

13.      Any and all of Defendants' witnesses, without waiving objections to same

14.      Any and all persons or entities named in any depositions

15.      Any and all persons or entities named in any answers to interrogatories

C:MyDocuments/OceanBeachProperties/DeftWitnessList3-9-06

2

## PLAINTIFF'S EXHIBIT LIST

| CASE NAME | | | | | DISTRICT COURT | |
|---|---|---|---|---|---|---|
| Miguel Rozenblum adv. Ocean Beach Properties | | | | | Southern District of Florida | |

| PLAINTIFFS ATTORNEY | DEFENDANT'S ATTORNEY | DOCKET NUMBER |
|---|---|---|
| Gary Costales, Esq.<br>1401 Brickell Avenue<br>Suite 825<br>Miami, Florida 33131 | Chris Kleppin, Esq.<br>Harry O. Boreth, Esq.<br>Glasser, Boreth, Ceasar &<br>Kleppin<br>8751 W. Broward Blvd.<br>Suite 105<br>Plantation, FL  33324 | Case No. 05-21764-CIV-<br>UNGARO-BENAGES/-<br>O'SULLIVAN |

| PRESIDING JUDGE | COURT REPORTER | COURTROOM DEPUTY |
|---|---|---|
| Honorable Ursula Ungaro-Benages | | |

| PLF.<br>NO. | DEF.<br>NO. | DATE<br>OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS |
|---|---|---|---|---|---|
| 1 | | | | | Check from Parisian (4/9/2004) bates stamped (000002) |
| 2 | | | | | Check from Parisian (1/22/2004) bates stamped (000003) |
| 3 | | | | | Check Stubs (12/16/2004 and 12/30/2004) bates stamped (000004) |
| 4 | | | | | Check Stubs (10/14/2004, 12/9/2004 and 3/18/2004) bates stamped (000005) |
| 5 | | | | | Check from Parisian (9/30/2004) bates stamped (000006) |
| 6 | | | | | Check from Parisian (12/26/2003) bates stamped (000007) |
| 7 | | | | | Time Card (8/15/2004) bates stamped (000008) |
| 8 | | | | | Time Card (7/25/2004) bates stamped (000009) |
| 9 | | | | | Time Card (7/18/2004) bates stamped (000010) |
| 10 | | | | | Time Card (7/11/2004) bates stamped (000011) |
| 11 | | | | | Time Card (5/2/2004) bates stamped (000012) |
| 12 | | | | | Department of Labor Letter to Miguel Rozenblum bates stamped (000013)  (**Rule 26, R, H, Rule 403, Authenticity, Predicate**) |
| 13 | | | | | Department of Labor Letter to Miguel Rozenblum bates stamped (000014)  (**Rule 26, R, H, Rule 403, Authenticity, Predicate**) |
| 14 | | | | | Complaint Form bates stamped (000015) |
| 15 | | | | | Department of Labor Letter to Jay Cohen dated 4/17/2003  (**Rule 26, R, H, Rule 403, Authenticity, Predicate**) |

EXHIBIT C

| | | | | | |
|---|---|---|---|---|---|
| 16 | | | | | Department of Labor Worksheet of Wages Unpaid  (**Rule 26, R, H, Rule 403, Authenticity, Predicate**) |
| 17 | | | | | Defendants' Response to Plaintiff's First Set of Interrogatories (**Rule 26, R, H, Rule 403, Authenticity, Predicate**) |
| 18 | | | | | Plaintiff's First Request for Production       (**Rule 26, R, H, Rule 403, Authenticity, Predicate**) |
| 19 | | | | | Defendants' Response to Plaintiff's First Request for Production (**Rule 26, R, H, Rule 403, Authenticity, Predicate**) |
| 20 | | | | | Plaintiff's First Request for Admissions    (**Rule 26, R, H, Rule 403, Authenticity, Predicate**) |
| 21 | | | | | Defendants' Response to Plaintiff's First Request for Admissions (**Rule 26, R, H, Rule 403, Authenticity, Predicate**) |
| 22 | | | | | Plaintiff's Second Request for Admissions  (**Rule 26, R, H, Rule 403, Authenticity, Predicate**) |
| 23 | | | | | Defendants' Response to Plaintiff's Second Request for Admissions (**Rule 26, R, H, Rule 403, Authenticity, Predicate**) |
| 24 | | | | | Deposition of Luis Guerrero(**Rule 26, R, H, Rule 403, Authenticity, Predicate**) |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

2

3

## DEFENDANTS' EXHIBIT LIST

| CASE NAME | | DISTRICT COURT |
|---|---|---|
| Miguel Rozenblum adv. Ocean Beach Properties | | Southern District of Florida |

| PLAINTIFFS ATTORNEY | DEFENDANT'S ATTORNEY | DOCKET NUMBER |
|---|---|---|
| Gary Costales, Esq.<br>1401 Brickell Avenue<br>Suite 825<br>Miami, Florida 33131 | Chris Kleppin, Esq.<br>Harry O. Boreth, Esq.<br>Glasser, Boreth, Ceasar &<br>Kleppin<br>8751 W. Broward Blvd.<br>Suite 105<br>Plantation, FL  33324 | Case No. 05-21764-CIV-<br>UNGARO-BENAGES/-<br>O'SULLIVAN |

| PRESIDING JUDGE | COURT REPORTER | COURTROOM DEPUTY |
|---|---|---|
| Honorable Ursula Ungaro-Benages | | |

| PLF.<br>NO. | DEF.<br>NO. | DATE<br>OFFERED | MARKED | ADMITTED | DESCRIPTION OF EXHIBITS |
|---|---|---|---|---|---|
| | 1 | | | | Complaint |
| | 2 | | | | Answer to Complaint |
| | 3 | | | | Defendants' First Request for Admissions |
| | 4 | | | | Defendants' First Set of Interrogatories |
| | 5 | | | | Defendants' Second Set of Interrogatories |
| | 6 | | | | Defendants' First Request for Production of Documents |
| | 7 | | | | Defendants' Second Request for Production of Documents |
| | 8 | | | | Defendants' Third Request for Production of Documents |
| | 9 | | | | Defendants' Unopposed Motion to Amend Answer |
| | 10 | | | | Order Granting Defendants' Unopposed Motion to Amend Answer |
| | 11 | | | | Defendants' First Amended Answer and Affirmative Defenses |
| | 12 | | | | Plaintiff's Response to First Request for Admission |
| | 13 | | | | Plaintiff's Response to Defendants' First Set of Interrogatories |
| | 14 | | | | Plaintiff's Response to Defendants' Second Set of Interrogatories |
| | 15 | | | | Plaintiff's Response to Defendants' First Request for Production |
| | 16 | | | | Plaintiff's Response to Defendants' Second Request for Production |
| | 17 | | | | Plaintiff's Response to Defendants' Third Request for Production |

**EXHIBIT D**

| | | | | |
|---|---|---|---|---|
| | 18 | | | | Plaintiff's Rule 26 Disclosures |
| | 19 | | | | Attachments to the initial disclosures of Plaintiff, including various pay stubs, checks, time sheets and communications between Plaintiff and Department of Labor, Wage and Hour Division **(I,R,H,UP)** |
| | 20 | | | | Plaintiff's documents responsive to Defendants' First Request for Production, including Plaintiff's drivers license, invoices from process service companies and retainer agreement between Plaintiff and Plaintiff's counsel **(I,R,H,UP)** |
| | 21 | | | | Payroll Data – Miguel Rozenblum |
| | 22 | | | | Various time cards for Miguel Rozenblum |
| | 23 | | | | Parisian Hotel Schedules November-December 2002 **(R, H)** |
| | 24 | | | | Registration Card (Pena) and note **(R, H)** |
| | 25 | | | | Resignation letter from Miguel Rozenblum |
| | 26 | | | | Payroll Worksheet Report November 4-10, 2002 |
| | 27 | | | | Billing Report November 3-8, 2002 |
| | 28 | | | | Personnel file of Miguel Rozenblum at the Winterhaven Hotel obtained by subpoena **(R, UP, A)** |
| | 29 | | | | Tax information re: Miguel Rozenblum **(R, H, UP)** |
| | 30 | | | | Deposition Transcript of Jay Cohen with exhibits |
| | 31 | | | | Deposition Transcript of Pablo Herold |
| | 32 | | | | Deposition Transcript of Miguel Rozenblum with exhibits |
| | 33 | | | | Deposition Transcript of Gusdavo M. Tenenbaum |
| | 34 | | | | Plaintiff's Amended Rule 26 Initial Disclosures |
| | 35 | | | | Plaintiff's First Supplemental Response to Defendants' First Set of Interrogatories |
| | | | | | |
| | | | | | All rebuttal exhibits |
| | | | | | All depositions and exhibits thereto |

C:/MyuтDocuments/OceanBeach/Defendants'ExhibitList3/9/06

2