UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-21764-CIV-UNGARO-BENAGES/O'SULLIVAN

MIGUEL ROZENBLUM,

     Plaintiff,

v.

OCEAN BEACH PROPERTIES, INC., d/b/a
PARISIAN HOTEL APARTMENTS, and
JAY COHEN,

     Defendants.

_____/

**NIGHT BOX**
**FILED**

MAR 1 7 2006

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Defendants, Ocean Beach Properties, Inc., d/b/a Parisian Hotel Apartments, and

Jay Cohen ("Defendants"), pursuant to Local Rule 16.1 of the Southern District of

Florida and Federal Rule of Civil Procedure 51, hereby submit their Proposed Jury

Instructions and Verdict Form and states as follows:

Plaintiff's objections are noted in italics. Defendants' objections are noted in bold-

faced type.

Respectfully submitted,

This 20th day of March, 2006.

For Defendants:

Chris Kleppin
Florida Bar No. 0625485

Glasser, Boreth, Ceasar & Kleppin
8751 W. Broward Blvd., Suite 105

For Plaintiff:

Gary A Costales
Florida Bar No. 0948829

Law Office of
Gary A. Costales, P.A.
1401 Brickell Avenue, Suite 825

Plantation, Florida 33324
(954) 424-1933
(954) 474-7405 facsimile
glabor@aol.com

Miami, Florida 33131
(305) 779-8102
(305) 373-2735 facsimile
costalesgary@hotmail.com

C:/MyDocuments/OceanBeach/Plt'sProposedJuryInstructions03/16/06

## **TABLE OF CONTENTS**

### INSTRUCTIONS TO BE GIVEN AT THE CLOSE OF EVIDENCE

1.      Consideration of the Evidence – Duty to Follow Instructions

2.      Objections by Counsel

3.      "If You Find," or "If You Decide"

4.      Credibility of Witnesses

5.      Impeachment

6.      Inference Defined

7.      Depositions - To Be Given During Trial When Offered into Evidence

8.      Interrogatories - To Be Given During Trial When Offered into Evidence

9.      Burden of Proof – Absolute Certainty Not Required

10.     Fair Labor Standards Act – Overtime, Liquidated Damages, Willfulness

11.     Individual Liability - Cohen

12.     Verdict – Unanimous – Duty to Deliberate

13.     Verdict Forms – Jury's Responsibility

14.     Communications Between Court and Jury During Jury's Deliberations

15.     Election of Foreperson

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

(Consideration of the Evidence – Duty to Follow Instructions)

MEMBERS OF THE JURY:

### TO BE GIVEN AT THE BEGINNING OF THE CASE

Ladies and gentlemen:

You have now been sworn as the Jury to try this case. By your verdict, you will decide the disputed issues of fact. I will decide all questions of law and procedure that arise during the trial, and before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of witnesses, and tangible items including papers or documents called "exhibits".

You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

On the other hand, any exhibits admitted into evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, do not be concerned because you will get to see and study it later during your deliberations.

If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you individually. If you do decide to take notes, do not try to write everything down

because you will get so involved in notetaking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates, places, number of hours that the sides claim the Plaintiffs worked, and specific dollar amounts of money that are being requested—things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and. If your memory should later differ from your notes, you should rely upon your memory and not your notes. If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror concerning what the testimony was.

## **TO BE GIVEN AT THE CLOSE OF ALL THE EVIDENCE**

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished, you will go to the jury room and begin your discussions— what we call deliberations.

In deciding the case, you must follow and apply all the law as I explain it to you, whether you agree with the law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. A corporation and all other persons stand equal before the law, and must be dealt with as equals in a court of justice.

*(Plaintiff objects to the following portion of this instruction)*

*When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees which are made within the scope of their duties as employees of the company.*

In your deliberations, you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.

Remember that anything the lawyers say is not evidence in the case. And except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

## Authorities

*Pattern Jury Instructions for the Eleventh Circuit* §§ 1, 2.2 at pp. 11, 13 (2000 ed.); *see id. Preliminary Instructions before Trial*, pp. 1-2.

GIVEN AS REQUESTED  _____
GIVEN AS MODIFIED  _____
REFUSED  _____
WITHDRAWN  _____

## PROPOSED JURY INSTRUCTION NO. 2

(Objections by Counsel)

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. Therefore, you should not be prejudiced against an attorney or his client because the attorney has made objections.

Upon allowing testimony or other evidence to be introduced over the objection of an attorney, the Court does not indicate any opinion as to the weight or effect of such evidence. As stated before, the jurors are the sole judges of the credibility of all witnesses and the weight and effect of all evidence.

**Authorities**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 11.03 (1987 ed.).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED      _____
REFUSED      _____
WITHDRAWN      _____

## PROPOSED JURY INSTRUCTION NO. 3

("If You Find," or "If You Decide")

When I say in these instructions that a party has the burden of proof on any proposition, or use the expression, "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not true.

### Authorities

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 72.02 (4th ed. 1987).

GIVEN AS REQUESTED        _____

GIVEN AS MODIFIED         _____

REFUSED                   _____

WITHDRAWN                 _____

## PROPOSED JURY INSTRUCTION NO. 4

### (Credibility of Witnesses)

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses concerning any fact in dispute is not controlling. You may decide that the testimony of a smaller number of witnesses concerning any fact in dispute is more believable than the testimony of a larger number of witnesses to the contrary.

In deciding whether you believe or do not believe any witness, I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**<u>Authorities</u>**

*Pattern Jury Instructions for the Eleventh Circuit* § 3 at p. 17 (2000 ed.).

GIVEN AS REQUESTED          _____

GIVEN AS MODIFIED           _____

REFUSED                     _____

WITHDRAWN                   _____

## PROPOSED JURY INSTRUCTION NO. 5

### (Impeachment)

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things, or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**<u>Authorities</u>**

*Pattern Jury Instructions for the Eleventh Circuit* § 4.1 at p. 18 (2000 ed.).

GIVEN AS REQUESTED       _____

GIVEN AS MODIFIED       _____

REFUSED       _____

WITHDRAWN       _____

## PROPOSED JURY INSTRUCTION NO. 6

(Inference Defined)

You are to consider all the evidence in the case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by evidence in the case.

**Authorities**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 72.04 (4th ed. 1987).

GIVEN AS REQUESTED       _____
GIVEN AS MODIFIED       _____
REFUSED       _____
WITHDRAWN       _____

## PROPOSED JURY INSTRUCTION NO. 7

(Depositions - To Be Given During Trial When Offered into Evidence)

The Defendants have now decided to read into evidence various portions of a deposition from a witness who testified in this case. A deposition consists of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. This deposition testimony was given under oath. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by you, in the same way as if the witness actually testified in open Court from the witness stand.

**Authorities**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 73.02 (4th ed. 1987).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____

## PROPOSED JURY INSTRUCTION NO. 8

(Interrogatories - To Be Given During Trial When Offered into Evidence)

The Defendants have indicated that they will now read into evidence some of their interrogatories and the Plaintiff's answers to them.  An interrogatory is a device that allows the parties to ask each other questions before the trial.  The answers must be given under oath, and were given under oath in this case.

You must view the Plaintiff's answers to the interrogatories as evidence in this case.  They are no different, as evidence, than oral testimony or deposition testimony, and they are no less worthy of your consideration.

### Authorities

Steven Baicker-McKee, *Federal Civil Rules Handbook*, at 489-90 (1999 ed.) (stating that interrogatories "generally may be used as though made in court by a party"); Wright & Miller, *Federal Practice and Procedure*, § 2180 (1994); *Bracey v. Grenoble*, 494 F.2d 566, 570 (3d Cir. 1974); *Heilig v. Studebaker Corp.*, 347 F.2d 686 (10th Cir. 1965).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED            _____
REFUSED                      _____
WITHDRAWN                    _____

## PROPOSED JURY INSTRUCTION NO. 9

(Burden of Proof – Absolute Certainty Not Required)

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

**Authorities**

*Pattern Jury Instructions for the Eleventh Circuit*, § 6.2, p. 23 (2000 ed.).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____

*PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9A*

<u>*OVERVIEW OF THE ISSUES*</u>

*Defendants own an operate a small hotel on Miami Beach, Florida. - the Parisian hotel   Plaintiff worked as a front desk clerk/night auditor for Defendants from January 2002 through January 2005. Plaintiff always worked the midnight shift, 12:00 a.m. to 8:00 a.m., while working for Defendants at the Parisian hotel.   Most rooms were rented during the day.   Because Plaintiff worked the midnight shift, he usually worked alone, except on rare occasions. Plaintiff's primary job duty as night auditor was to record the financial transactions for the day and make the proper entries into the computer. Plaintiff was supervised by Luis Guerrero, who was the manager of all the front desk clerks, during the first year he worked for Defendants and by Jay Cohen during his last two years of employment. Plaintiff was paid a salary, but was required to punch a timecard.   Plaintiff often worked more than forty hours per week, but was always paid the same salary.   Plaintiff claims that because he worked mostly by himself and performed duties that were mostly of a routine nature, he was not "exempt" from the overtime provisions of the Fair Labor Standards Act (FLSA) and should have been paid overtime.*

*Defendants claim that Plaintiff was some sort of manager.   However, Plaintiff never hired or fired any employee; nor did he supervise any employee.   Plaintiff may have occasionally given assignments to the maintenance man, or told one of the maids to prepare a breakfast.   However, all the front desk clerks would do the same.   Defendants have been sued for overtime violations before and have been investigated by the Department of Labor (DOL) for the failure to pay overtime to front desk clerks.*

*Defendants own an operate a small hotel on Miami Beach, Florida. - the Parisian hotel Plaintiff worked as a front desk clerk/night auditor for Defendants from January 2002*

through January 2005. Plaintiff always worked the midnight shift, 12:00 a.m. to 8:00 a.m., while working for Defendants at the Parisian hotel. Most rooms were rented during the day. Because Plaintiff worked the midnight shift, he usually worked alone, except on rare occasions. Plaintiff's primary job duty as night auditor was to record the financial transactions for the day and make the proper entries into the computer. Plaintiff was supervised by Luis Guerrero, who was the manager of all the front desk clerks, during the first year he worked for Defendants and by Jay Cohen during his last two years of employment. Plaintiff was paid a salary, but was required to punch a timecard. Plaintiff often worked more than forty hours per week, but was always paid the same salary. Plaintiff claims that because he worked mostly by himself and performed duties that were mostly of a routine nature, he was not "exempt" from the overtime provisions of the Fair Labor Standards Act (FLSA) and should have been paid overtime.

Defendants claim that Plaintiff was some sort of manager. However, Plaintiff never hired or fired any employee; nor did he supervise any employee. Plaintiff may have occasionally given assignments to the maintenance man, or told one of the maids to prepare a breakfast. However, all the front desk clerks would do the same. Defendants have been sued for overtime violations before and have been investigated by the Department of Labor (DOL) for the failure to pay overtime to front desk clerks.

The corporate Defendant is a small hotel on Miami Beach, and is a local, family business. Jay Cohen is the owner of the hotel. The Plaintiff worked for the Defendants as a night manager from approximately March, 2003 until January, 2005. The Plaintiff is an exempt employee, because: 1) pre-August 23, 2004, the Plaintiff is exempt under the sole charge exemption to the FLSA, and exempt on the ground that he was a manager or in the alternative, an administrative employee, and 2) post-August, 2004, exempt under the Department of Labor's primary duty regulation and the administrative

*exemption. The reason for the delineation between pre- and post-August 23, 2004, is because of a modification by the Department of Labor to its regulations, which took effect on that date.*

*The Plaintiff's tasks were such that when he worked at the Hotel, he was in charge of the Hotel, and made all of the management decisions, and performed tasks that required the exercise of his discretion. He supervised two or more people, and also performed administrative tasks. The Plaintiff's primary duty was management, and he admits to being a manager.*

<u>*Authority*</u>*: Pre-Trial Stipulation, Complaint and Answer.*

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10

### (Fair Labor Standards Act – Overtime, Exemptions, Willfulness)

### Fluctuating Workweek Method

This case arises, in part, under the Fair Labor Standards Act, the federal law that provides (in this situation) for the payment of an additional half-time pay required by law. The Plaintiff claims that the Defendants did not pay the overtime pay required by law.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

*First:* That the Plaintiff was employed by the Defendants;

*Second:* That the Plaintiff was engaged in commerce to the extent to that his work was so closely related to the movement of commerce that it may be deemed a part of it, rather than merely an isolated local activity; and

*Third:* That the Defendants failed to pay the Plaintiff the overtime required by law.

The first and second elements are admitted by the Defendants, and you should consider them proven. The third element is contested by the Defendants. Concerning the third element, the Defendants contend that the Plaintiff was an exempt employee, which means that he was not entitled to overtime, because of the executive exemption and/or the administrative exemption. Because the Department of Labor amended its regulations concerning the test for the executive exemption which took effect on August 23, 2004, there are two different tests (one which pre-dates August 23, 2004 and one which post-dates August 23, 2004) for the executive exemption.

A. <u>Pre August 23, 2004</u>

### 1. **The Executive Exemption Non-Sole Charge**

Before August 23, 2004, the Plaintiff is exempt if his primary duty consisted of the management of the enterprise in which Plaintiff was employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees. In other words, Plaintiff is exempt from the FLSA if (1) his "primary duty" is management, and (2) he "regularly directs the work of two or more other employees." If you so find, you are to find for the Defendants.

In determining whether the Plaintiff's primary duty was management, you should consider the following four factors:  1) whether Plaintiff spent more than 50% of his time performing management tasks (although this percentage is only a rule of thumb, and you can still find for Defendants, even if you find he spent less than 50% of his time performing management tasks); 2) the relative importance of Plaintiff's managerial decisions as compared to his non-management tasks; 3) frequency of exercise of discretion and relative freedom from supervision; and 4) the relationship between Plaintiff's salary and the wages paid to the employees who performed similar non-management tasks to those non-management tasks performed by Plaintiff. If you find that the application of these factors to the facts of this case requires the conclusion that Plaintiff's primary duty was management, then you are to find for the Defendants.

The Department of Labor's regulations define the term "management" as involving "[i]nterviewing, selecting, and training of employees, setting and adjusting their rates of pay and hours of work; directing their work; maintaining their production or sales records use in supervision or control; appraising their productivity and efficiency for the purpose of recommending promotions or other

changes in their status; handling their complaints and grievances and disciplining them when necessary; planning the work; determining the techniques to be used; apportioning the work among the workers' determining the type of materials; supplies, machinery or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety of the men and the property." You should use this definition of management in determining whether Plaintiff's primary duty was management, and if you find that Plaintiff's primary duty was management, you should find for the Defendants. On the other hand, if you find that the Plaintiff's primary duty was to perform non-management, menial tasks, then you should find for the Plaintiff.

## 2. The Sole Charge Exception

If you do not find for the Defendants with respect to the applicable analysis under the executive exemption, you may still find for the Defendants if you find that while the Plaintiff worked for the Defendants he was in "sole charge" of the facility. The sole charge exception is an exception to the primary duty requirement and the regular direction of two or more employees (which was required before August 23, 2004). The Defendants take the position that the Plaintiff is exempt because he was the night manager in sole charge of an independent establishment or a physically separated branch establishment. Since the employee must be in 'sole charge' only one person in any establishment can qualify as an executive under this exception, and then only if he is the top person in charge at that location. The sole charge status of an employee will not be considered lost because of an occasional visit to the branch office of the superior of the person in charge, or, in the case of an independent establishment by the visit for a short period on 1 or 2 days a week of

the proprietor or principal corporate officer of the establishment.   In these situations, the sole-charge status of the employee in question will appear from the facts as to his functions, particularly in the intervals between visits.  If, during these intervals, the decisions normally made by an executive in charge of a branch or an independent establishment are reserved for the superior, the employee is not in sole charge.  If such decisions are not reserved for the superior, the sole-charge status will not be lost merely because of the superior's visits.

**B.  Post-August 23, 2004**

After August 23, 2004, if you find that the Plaintiff's primary duty, meaning his most principal or important duty to the Defendants, was management, the Plaintiff is exempt.   To find for the Defendants under this framework, the Defendants to not have to prove that he regularly and customarily supervised two or more people, generally spent more than 50% of his time on management tasks, exercised independent discretion, had relative freedom from supervision, or has a large disparity between his salary of the wages of non-exempt personnel performing tasks similar to the non-management tasks performed by the Plaintiff.

However, if you find that after an application of such factors to the facts of this case, that such application falls in favor of Defendants, you should find for them, but remember that you only need find that the principle or most important duty of the Plaintiff was management, in order to the find for the Plaintiff.  If you find that management was not the Plaintiff's primary duty, you should find for the Plaintiff.

**C.    Administrative Exemption**

If you find that the Plaintiff is not exempt under the executive exemption, you may find that the Plaintiff is exempt under the administrative exemption.  To

find that the Plaintiff is exempt under this exemption, you must find that the Plaintiff's primary duty consisted of performance of office or non-manual tasks directly related to management policies or general business operations of the Defendants, which work includes the exercise of discretion and judgment. If you do not find that the Plaintiff's primary duty consisted of such work, you should find for the Plaintiff.

<u>Calculation of Overtime</u>

When an employee is paid a salary for all hours worked in a workweek, the Fair Labor Standards Act requires an employer to pay the employee only an additional half-time (over his regular rate) for those hours worked in excess of 40 hours in any workweek (rather than the full time and one-half in which overtime is typically calculated). This is commonly known as half pay for "overtime" work.

The employee's "regular rate" during a particular week is the basis for calculating any overtime pay due to the employee for that week. The "regular rate" for a week is determined by dividing all hours worked in the workweek into the total wages paid for that week. The overtime rate, then, would be one-half of that rate and would be owing for each hour in excess of 40 hours worked during the work week.

Applying this method of calculation to a basic hypothetical example, assume an employee was paid gross pay of $500.00 for working a total of 50 hours in a given week. The regular hourly rate would be calculated by dividing the $500.00 by 50 ($500.00 ÷ 50 = $10.00/hr), in order to arrive at the employee's hourly or regular rate. In the example given, that regular rate would be $10.00/hr, and the employee would thus be owed an additional half-time ($5.00) for each of the ten (10) hours he

worked overtime.  Thus, in the hypothetical, the employee would be $50.00 ($5.00 x 10 hrs = $50.00).

The measure of damages is the difference between what the Plaintiff should have been paid under the Fair Labor Standards Act and the amount that you find the Plaintiff actually was paid.

In determining the number of hours worked, you should include in your calculations any time spent by the Plaintiffs which was spent benefiting the Defendant, and during which time the Plaintiff was restricted in pursuing personal interests.  Periods of inactivity which occur during the workday, such as meal breaks, doctor visits, personal phone calls, are not compensable.  Most often these periods are unpredictable and of varying duration.  Any time spent by Plaintiff which primarily benefited the Defendants can be counted as compensable time.

The Fair Labor Standards Act requires employers to keep a primary set of records which must include the actual hours worked each workday for all of its employees, and a supplementary set of records which includes the daily starting and stopping time of the individual employees.  If an employer fails to keep such detailed records, the employee may estimate the amount of hours that they worked, and from such estimation an inference arises that such estimation is reasonable.  The burden then shifts to the employer to disprove the employees' testimony concerning the amount of hours and overtime that they worked.

There is a dispute in this case concerning whether the Plaintiff can recover two years worth of overtime or three years worth.  You should award the Plaintiff damages going back three years, if the Plaintiff is able to prove that the Defendants failure to pay the Plaintiff the proper overtime was willful, meaning that the Defendants recklessly disregarded their duty to pay Plaintiff overtime (if you in fact

find that Plaintiff is owed the overtime).  If you find that the Defendants failed to pay Plaintiff overtime in reckless disregard to the requirements of the Fair Labor Standards Act, you should award damages going back three years before the suit was filed.

**Authorities**

*Pattern Jury Instructions for the Eleventh Circuit*, § 1.7.1, p. 127-29 (2000 ed.); 29 C.F.R. § 541.113 (2002); 29 C.F.R. 541-113(a-d) (2002); 29 C.F.R. § 541.102(b); 29 C.F.R. § 541.103; 29 C.F.R. § 541.700 (2004); 29 C.F.R. § 541.2; *Marshall v. Whitehead*, 463 F. Supp. 1329, 1345 (M.D. Fla. 1978) (citing *Mitchell v. H. B. Zachry Co.*, 362 U.S. 310, 315 (1960)); 29 C.F.R. § 516.2(a)(7); 29 C.F.R. § 516.2(a)(1); 29 U.S.C. § 211(c); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946); *Brock v. Norman's Country Market, Inc.*, 835 F.2d 823 (11th Cir. 1988); *Combs v. King*, 764 F.2d 818 (11th Cir. 1985); *Amcor, Inc. v. Brock*, 780 F.2d 897 (11th Cir. 1986); *Donovan v. Hamm's Drive Inn*, 661 F.2d 316 (5th Cir. 1981); *Olson v. Superior Pontiac-GMC, Inc.*, 776 F.2d 265, 267 (11th Cir. 1985); *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468, 470 (11th Cir. 1982); 29 C.F.R. § 778.109.

**GIVEN AS REQUESTED**          _____
**GIVEN AS MODIFIED**           _____
**REFUSED**                     _____
**WITHDRAWN**                   _____

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10

(Fair Labor Standards Act – Overtime, Exemptions, Willfulness)

This case arises, in part, under the Fair Labor Standards Act, the federal law that provides (in this situation) for the payment of an additional half-time pay required by law. The Plaintiff claims that the Defendants did not pay the overtime pay required by law.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:       That the Plaintiff was employed by the Defendants;

Second:      That the Plaintiff was engaged in commerce to the extent to that his work was so closely related to the movement of commerce that it may be deemed a part of it, rather than merely an isolated local activity; and

Third:       That the Defendants failed to pay the Plaintiff the overtime required by law.

The first and second elements are admitted by the Defendants, and you should consider them proven. The third element is contested by the Defendants. Concerning the third element, the Defendants contend that the Plaintiff was an exempt employee, which means that he was not entitled to overtime, because of the executive exemption. Because the Department of Labor amended its regulations concerning the test for the executive exemption which took effect on August 23, 2004, there are two different tests (one which pre-dates August 23, 2004 and one which post-dates August 23, 2004) for the executive exemption.

A.   Pre August 23, 2004

1.   The Executive Exemption

*Before August 23, 2004, the Plaintiff is exempt if Defendant proves each of the following circumstances, by a preponderance of the evidence:*

*(1) that Plaintiff's "primary duty" consisted of the management of a recognized subdivision of the employer's enterprise;*

*(2) that Plaintiff customarily and regularly directed the work of two or more other employees;*

*(3) that Plaintiff has the authority to hire or fire other employees or makes recommendations as to hiring, firing, and promoting that are "given particular weight";;*

*(4) that Plaintiff devoted less than 40 percent of the work week to nonexempt, or nonmanagerial activities.*

    B.   *Post-August 23, 2004*

*After August 23, 2004, a slightly different test applies. After August 23, 2004, the Plaintiff is exempt if Defendant proves each of the following circumstances, by a preponderance of the evidence:*

*1) that Plaintiff's "primary duty" consisted of the management of a recognized subdivision of the employer's enterprise;*

*(2) That Plaintiff had the authority to hire or fire other employees or his whose suggestions    and recommendations as to the hiring, firing, advancement, promotion or any other change      of status of other employees were given "particular weight."*

*In a moment, I will define several of the terms that I have just mentioned to you.*

*The phrase "customarily and regularly" means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed "customarily and regularly" includes work normally and recurrently performed every workweek; it does not include isolated or one-time tasks.*

The following are examples of the kind of tasks that comprise management tasks: "[i]nterviewing, selecting, and training of employees, setting and adjusting their rates of pay and hours of work; directing their work; maintaining their production or sales records use in supervision or control; appraising their productivity and efficiency for the purpose of recommending promotions or other changes in their status; handling their complaints and grievances and disciplining them when necessary; planning the work; determining the techniques to be used; apportioning the work among the workers' determining the type of materials; supplies, machinery or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety of the men and the property."

You should use theses examples of management duties when determining whether Plaintiff's primary duty was management, and if you find that Plaintiff's primary duty was management, you should find for the Defendants. On the other hand, if you find that the Plaintiff's primary duty was to perform non-management, or routine tasks, then you should find for the Plaintiff.

You should also keep in mind that Plaintiff's job title is not sufficient to establish that he was an exempt employee. You should focus on the tests that that have been given to you to determine whether Plaintiff was an exempt employee, rather than whether he was called a manager or had some other job title.

As was stated before in order for Defendants to prove, by a preponderance of the evidence that Plaintiff is exempt, Plaintiff must have customarily and regularly direct the work of two or more other employees. The phrase "two or more other employees" means two full-time employees or their equivalent. One full-time and two half-time employees, for example, are equivalent to two full-time employees. Four half-time employees are

also equivalent.  An employee who merely assists the manager of a particular department and supervises two or more employees only in the actual manager's absence does not meet this requirement.

Hours worked by an employee cannot be credited more than once for different managers.  Thus, if another one of Defendants' employees supervised or managed any employee that Defendants claim the Plaintiff managed, that employee cannot be considered an employee that Plaintiff himself managed.

<u>Calculation of Overtime</u>

When an employee is paid a salary for all hours worked in a workweek, the Fair Labor Standards Act requires an employer to pay the employee only an additional half-time (over his regular rate) for those hours worked in excess of 40 hours in any workweek (rather than the full time and one-half in which overtime is typically calculated).  This is commonly known as half pay for "overtime" work.

The employee's "regular rate" during a particular week is the basis for calculating any overtime pay due to the employee for that week.  The "regular rate" for a week is determined by dividing all hours worked in the workweek into the total wages paid for that week.  The overtime rate, then, would be one-half of that rate and would be owing for each hour in excess of 40 hours worked during the work week.

Applying this method of calculation to a basic hypothetical example, assume an employee was paid gross pay of $500.00 for working a total of 50 hours in a given week.  The regular hourly rate would be calculated by dividing the $500.00 by 50 ($500.00 ÷ 50 = $10.00/hr), in order to arrive at the employee's hourly or regular rate.  In the example given, that regular rate would be $10.00/hr, and the employee would thus be owed an additional half-time ($5.00) for each of the ten (10) hours he worked overtime.  Thus, in the hypothetical, the employee would be $50.00 ($5.00 x 10 hrs = $50.00).

*The measure of damages is the difference between what the Plaintiff should have been paid under the Fair Labor Standards Act and the amount that you find the Plaintiff actually was paid.*

<u>Authorities</u>

*Pattern Jury Instructions for the Eleventh Circuit, § 1.7.1, p. 127-29 (2000 ed.); 29 C.F.R. § 541.113 (2002); 29 C.F.R. 541-113(a-d) (2002); 29 C.F.R. § 541.102(b); 29 C.F.R. § 541.103; 29 C.F.R. § 541.700 (2004); 29 C.F.R. § 541.2; Marshall v. Whitehead, 463 F. Supp. 1329, 1345 (M.D. Fla. 1978) (citing Mitchell v. H. B. Zachry Co., 362 U.S. 310, 315 (1960)); 29 C.F.R. § 516.2(a)(7); 29 C.F.R. § 516.2(a)(1); 29 U.S.C. § 211(c); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946); Brock v. Norman's Country Market, Inc., 835 F.2d 823 (11th Cir. 1988); Combs v. King, 764 F.2d 818 (11th Cir. 1985); Amcor, Inc. v. Brock, 780 F.2d 897 (11th Cir. 1986); Donovan v. Hamm's Drive Inn, 661 F.2d 316 (5th Cir. 1981); Olson v. Superior Pontiac-GMC, Inc., 776 F.2d 265, 267 (11th Cir. 1985); Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 470 (11th Cir. 1982); 29 C.F.R. § 778.109; 29 C.F.R. §§ 541.2, 541.100, 541.104, 541.105, 541.701.*

*GIVEN AS REQUESTED* _____

*GIVEN AS MODIFIED* _____

*REFUSED* _____

*WITHDRAWN* _____


*PLAINTIFF'S PROPOSED INSTRUCTION NO. 10 A*


<u>Authorities</u>

*29 C.F.R. § 541.102.*

*GIVEN AS REQUESTED* _____

*GIVEN AS MODIFIED* _____

*REFUSED* _____

*WITHDRAWN* _____

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO. 11

### (Individual Liability – Jay Cohen)

In this case, Plaintiff has sued the corporate Defendant's owner, Jay Cohen, and claims that he is liable for Plaintiff's overtime wages along with the corporate Defendant. Defendant Cohen denies that he is so liable. If you find that Defendant Cohen was a corporate officer of the corporate Defendant and had operational control of the company to the extent that he was involved in its day-to-day operations (whether in general or specifically with respect to overtime), you are to consider him an employer for purposes of the Fair Labor Standards Act which would make him jointly and severally liable for overtime ages, if any, due to Plaintiff.

### Authorities

*Patel v. Wargo,* 803 F.2d 632, 637 (11th Cir. 1986) (quoting *Donovan v. Agnew,* 712 F.2d 1509, 1511 (1st Cir. 1983). *See Herman v. RSR Sec. Services, Ltd.,* 172 F.3d 132 (2nd Cir. 1995); *Fedley v. Higgins,* 19 F.3d 1126 (6th Cir. 1994); *Donovan v. Grim Hotel Co.,* 747 F.2d 966 (5th Cir. 1984); *U.S. Dept. of Labor v. Cole Enterprises, Inc.,* 62 F.3d 775 (6th Cir. 1995); *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962 (6th Cir. 1991); and *Shultz v. Chalk-Fitzgerald Const. Co.,* 50 F.R.D. 480 (E.D.N.C. 1970).

GIVEN AS REQUESTED    _____
GIVEN AS MODIFIED     _____
REFUSED               _____
WITHDRAWN             _____

*PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11A*

*(Individual Liability – Jay Cohen)*

In this case, Plaintiff has sued the corporate Defendant's owner, Jay Cohen, and claims that he is liable for Plaintiff's overtime wages along with the corporate Defendant.   Defendant Cohen denies that he is so liable.   If you find that Defendant Cohen was involved in its day-to-day operations (whether in general or specifically with respect to overtime)of the Parisian hotel, which is where Plaintiff worked, you are to consider him an employer for purposes of the Fair Labor Standards Act which would make him jointly and severally liable for overtime ages, if any, due to Plaintiff.

*Authorities*

*Patel v. Wargo, 803 F.2d 632, 637 (11th Cir. 1986) (quoting Donovan v. Agnew, 712 F.2d 1509, 1511 (1st Cir. 1983).   See Herman v. RSR Sec. Services, Ltd., 172 F.3d 132 (2nd Cir. 1995);  Fedley v. Higgins, 19 F.3d 1126 (6th Cir. 1994);  Donovan v. Grim Hotel Co., 747 F.2d 966 (5th Cir. 1984);  U.S. Dept. of Labor v. Cole Enterprises, Inc., 62 F.3d 775 (6th Cir. 1995);  Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962 (6th Cir. 1991);  and Shultz v. Chalk-Fitzgerald Const. Co., 50 F.R.D. 480 (E.D.N.C. 1970).*

*GIVEN AS REQUESTED*          _____
*GIVEN AS MODIFIED*            _____
*REFUSED*                      _____
*WITHDRAWN*                    _____

*PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12*

<u>*Employer Records*</u>

*The Fair Labor Standards Act requires employers keep records on the number of hours worked by its employees, subject to the Act.  The law requires those records show the time and day of the week on which the employee's workweek begins, the starting time and length of each work period, the number of hours worked each work day and the total hours worked each work week.*

<u>*Authority:*</u>    *29 U.S.C. §211(c); Department of Labor Regulation 29 C.F.R. 516, et. seq.*

*GIVEN AS REQUESTED*     _____

*GIVEN AS MODIFIED*     _____

*REFUSED*     _____

*WITHDRAWN*     _____

*PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13*

*Failure to Keep Records*

You must determine whether Defendants satisfied their legal requirement to keep records of the number of hours worked by Plaintiff. If you find Defendants did not maintain the legally required records of the hours worked by Plaintiff each work day and each work week, the law allows you to award damages to Plaintiff even if Plaintiff has not proved the precise extent of overtime hours worked.

Plaintiff should not be penalized if Defendants have not kept time records that they were obligated to keep under the law. Plaintiff has the burden of proving that she performed work for which she was not properly compensated. Plaintiff may prove this by the Defendants' time records.

If Defendants have no time records, however, as they would legally be required to keep, then the Plaintiff would be able to meet her burden if she provides sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.

If the Plaintiff produces such evidence, then the burden then shifts to Defendants to come forward with evidence of the precise amount of work performed or with evidence to rebut the inference to be drawn from the Plaintiff's evidence. If the Defendants fail to produce such evidence, your may then award some measure of damages to Plaintiff even though the result may not be precise.

<u>Authority:</u>   *Anderson V. Mt. Clemens Pottery Co., 328 U.S. 680, 90 L.Ed. 1515, 66 S.Ct. 1187 (1946).*

*GIVEN AS REQUESTED*        _____

*GIVEN AS MODIFIED*         _____

*REFUSED*                   _____

*WITHDRAWN*                 _____

*PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14*

<u>*Spoliation Of Evidence*</u>

*If you find that Defendants have destroyed any time records, such as schedules of work, or any records pertaining to Plaintiff's work hours, that Defendants were obligated to retain, then you may infer that the missing records would have been unfavorable to the Defendants.*

<u>Authority</u>:    *Creative Resources v. Creative Resources Group, Inc., 212 F.R.D. 94 (E.D. N.Y. 2002); Scott v. IBM, 196 F.R.D. 233 (D. N.J. 2000); Garcia v. Columbia Medical Ctr., 996 F. Supp. 605 (E.D. Tx. 1998); State v. Barnes, 777 A.2d 140 (R.I. 2001).*

*GIVEN AS REQUESTED*        _____
*GIVEN AS MODIFIED*          _____
*REFUSED*                            _____
*WITHDRAWN*                       _____

*PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 15*

<u>*Work Week*</u>

*Under the law all work weeks stand alone.  This means that it is necessary for you to determine the hours worked by Plaintiff on a week by week basis in determining whether he is owed any compensation.  The law does not permit the averaging of hours worked among work weeks.  You cannot reduce the number of overtime hours you find Plaintiff worked by hours not worked by Plaintiff in other weeks.*

*For example, if an employee worked 50 hours during one week and 30 hours the next, that employee must be found to have worked 10 overtime hours.  You cannot find the employee worked less than 10 overtime hours because of the work week where the employee worked fewer than 40 hours.*

<u>*Authority:*</u>     *29 C.F.R. §778.104*

*GIVEN AS REQUESTED*            _____
*GIVEN AS MODIFIED*             _____
*REFUSED*                       _____
*WITHDRAWN*                     _____

*JURY INSTRUCTION NO. 16*

*<u>Time And Form Of Payment</u>*

*Under the law overtime compensation earned during a particular work week must be paid on the regular pay day for that work week.  The law requires that all payments for overtime be in cash, not compensatory time off or non-cash employee benefits such as health insurance, pension or profit sharing or employer paid parking.*

*<u>Authority:</u>      29 C.F.R. §§778.106 and 531.27; Brennan v. State of New Jersey, 364 F.Supp. 156, 158 (D. N.J. 1973); Department of Labor Opinion Letter No. 913 (12/27/68).*

*GIVEN AS REQUESTED*      _____
*GIVEN AS MODIFIED*      _____
*REFUSED*      _____
*WITHDRAWN*      _____

*JURY INSTRUCTION NO. 17*

<u>*Statute of Limitations*</u>

The Plaintiff bears the burden of showing that the Defendants' conduct was willful for purposes of the statute of limitations. An employer acts willfully, for purposes of establishing the proper statute of limitations, where he or she knows or shows reckless disregard for whether his or her actions are unlawful under the Fair Labor Standards Act. If you find Defendants acted reasonably in determining their legal obligation to Plaintiff, or simply made an error in failing to pay overtime, their violation cannot be willful. If the Defendants' actions were willful, the three-year statute of limitations applies; otherwise, the two-year statute of limitations is applicable.

<u>Authority</u>: Bankston v. State of Illinois, 60 F.3d 1249, 1253-54 (7th Cir. 1995); 29 U.S.C. § 216(b); Pattern Jury Instructions, Federal Claims Instruction No. 9.1 and Damages Instruction No. 1.1 (11th Cir. 1990 ed.); Pattern Jury Instructions, labor and Employment Claims, No. 11.1 (5th Cir. 1992 ed.). See the Equal Pay Act Instructions and Comments at Sections 2.05 and 2.05[4] regarding liquidated and damages and willfulness and Age Discrimination: Liquidated Damages-Willful Violations, Instruction 1.08[J][3].

GIVEN AS REQUESTED         _____
GIVEN AS MODIFIED          _____
REFUSED                    _____
WITHDRAWN                  _____

## PROPOSED JURY INSTRUCTION NO. 18

(Verdict – Unanimous – Duty to Deliberate)

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict, you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are the judges—judges of the facts.  Your only interest is to seek the truth from the evidence in this case.

**Authorities**

*Pattern Jury Instructions for the Eleventh Circuit* § 7.1 at p. 16 (1990 ed.).

GIVEN AS REQUESTED      _____
GIVEN AS MODIFIED       _____
REFUSED                 _____
WITHDRAWN               _____

## PROPOSED JURY INSTRUCTION NO. 19

(Verdict Forms – Jury's Responsibility)

It is proper to add the caution that nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find.   What the verdict shall be is your sole and exclusive duty and responsibility


**Authorities**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 74.07 (4th ed. 1987).



GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

## PROPOSED JURY INSTRUCTION NO. 20

(Communications Between Court And
Jury During Jury's Deliberations)

If it becomes necessary during your deliberations to communicate with the Court, you may send a note via a courtroom security office, signed by your foreperson or by one or more members of the jury.   No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing, and the Court will never communicate with any members of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open Court.

You will note from the oath about to be taken by the courtroom security officers that they, too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**<u>Authorities</u>**

Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 74.08 (4th ed. 1987).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

## PROPOSED JURY INSTRUCTION NO. 21

(Election of Foreperson)

Upon retiring to the jury room, you will select one of your members to act as your foreperson.   The foreperson will preside over your deliberations, and will be your spokesperson here in Court.   A form of special verdict has been prepared for your convenience.  You will take the form to the jury room.

[ Here read form of special verdict ]

You will note that each of the interrogatories or questions calls for a "Yes" or "No" answer, or a monetary amount.   The answer to each question must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the spaces provided underneath each question.  The foreperson will then date and sign the special verdict as so completed; and you will then return with it to the courtroom.

### Authorities

*Pattern Jury Instructions for the Eleventh Circuit*, § 8, p. 26 (2000 ed.); Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 74.05 (4th ed. 1987) (as modified).

GIVEN AS REQUESTED        _____
GIVEN AS MODIFIED         _____
REFUSED                   _____
WITHDRAWN                 _____

## DEFENDANTS' PROPOSED SPECIAL VERDICT FORM

### Overtime Claims

1.      Do you find that the Plaintiff has proved by a preponderance of the evidence that he is entitled to overtime and was not an exempt employee under either the administrative exemption or the executive exemption?

Answer (write in "yes" or "no"):

a.      Before August 23, 2004: _____;

b.      After August 23, 2004: _____.

If you answered "No", to both 1.a. and 1.b., you have completed your deliberations.  Sign and date the Verdict Form, and notify the court security officer that you have reached a verdict.

If you answered "Yes" to either question 1.a. or 1.b., then go to question 2.

2.      Do you find that the Plaintiff proved by a preponderance of the evidence that the Plaintiff worked more than forty (40) hours in a workweek without properly being paid overtime?

Answer:  Yes or No: _____.

If you answered "No", you have completed your deliberations.  Sign and date the Verdict Form, and notify the court security officer that you have reached a verdict.

If you answered "Yes", then go to question 3.

3.      State the amount of back pay (halftime) that you believe the Plaintiff is entitled to $_____.  Then go to question 4.

4.      Do you find by a preponderance of the evidence that the Defendants' failure to pay overtime was willful?

Answer: Yes or No: _____.

If your answer to question 4 was "Yes", it will result in the statute of limitations being two years instead of three years. Go to question 5.

5.    Do you find by a preponderance of the evidence that the Plaintiff has proven that Defendant Cohen was an employer of the Plaintiff, such that he should be liable for any overtime due Plaintiff?

Answer: Yes or No: _____.

You have completed your deliberations. Sign and date the Verdict Form, and notify the court security officer that you have reached a verdict.

SO SAY WE ALL.


Date:_____

Foreperson:_____

## PLAINTIFF'S SPECIAL INTERROGATORIES
## TO THE JURY AND VERDICT FORM

*Do you find from a preponderance of the evidence:*

1.      *That the Defendant failed to pay the Plaintiff overtime pay required by law?*

        *Answer Yes or No*

[Note:      *If you answered No to either of the preceding questions you need not answer either of the remaining questions.]*

2.      *That the Plaintiff was exempt from the Fair Labor Standards Act as an executive employee?*

        *Answer Yes or No*

[Note:      *If you answered Yes to the preceding question you need not answer the remaining question.]*

3.      *That the Plaintiff should be awarded $_____ as the Plaintiff's damages.*

*SO SAY WE ALL.*

*Foreperson*

*DATED:*